# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NATHAN B. ATKINSON**<br>110 Oakwood Drive, Suite 500<br>Winston-Salem, NC 27103,<br><br>          Plaintiff,<br><br>v.<br><br>**U.S. DEPARTMENT OF TRANSPORTATION**<br>400 Seventh Street, S.W.<br>Washington, DC 20590,<br><br>          Defendant. | Civil Action No. |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

(1)  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552; and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.  Plaintiff seeks injunctive and declaratory relief to compel defendant Department of Transportation to disclose requested records.

### Jurisdiction and Venue

(2)  This court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).  This court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 2201(a) & 2202.  Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

### The Parties

(3)  Plaintiff Nathan B. Atkinson is a citizen of the United States and a resident of North Carolina.

(4)  Defendant U.S. Department of Transportation ("DOT") is a department of the Executive Branch of the United States Government and includes as a component the National Highway Traffic Safety Administration ("NHTSA").   DOT is an agency within the meaning of 5 U.S.C. § 552(f).

**Plaintiff's FOIA Request and Defendant's Lack of Response**

(5)  By letter to defendant's component NHTSA dated December 6, 2013, plaintiff requested under the FOIA copies of agency records.  Plaintiff requested records "related to Ford vehicles for model years 2002 through the present."   Specifically, plaintiff requested

> [A]ll documents, correspondence, logs, reports, compilations, testing, studies, consumer complaints, investigations, memoranda, and information of whatever type related to the following:
>
> • All Records related to sudden or unintended acceleration events in Ford Vehicles, including all incidents, reports, or investigations of sudden or unintended acceleration events in any Ford vehicle;
>
> • All Records relating to the electronic throttle control system ("ETC") in Ford Vehicles including, but not limited to, the need for a failsafe, the lack of a failsafe, or malfunctions with ETC;
>
> • All Records related to a fault tolerant system, or lack thereof, in Ford Vehicles;
>
> • Any communications (including telephone logs of conversations) with Ford Motor Company, or any of its dealers, agents, or representatives, related to any sudden or unintended acceleration events in the Ford Vehicles;
>
> • All Records of communications (including telephone logs) with Ford Motor Company, or any of its dealers, agents, suppliers or representatives, related to sudden or unintended acceleration events and/or the ETC in Ford Vehicles;
>
> • All Records referring to or relating to test data, methodology used, correspondence, meeting minutes, emails, notes made of telephone calls, and all other memoranda related to any reported sudden or unintended acceleration events, the study or testing of sudden or unintended acceleration events, or Ford's ETC system; and
>
> • All photographs and videos related to any of the aforementioned Records.

2

(6)  By letter to plaintiff dated December 12, 2013, NHTSA acknowledged receipt of plaintiff's FOIA request and assigned it "Request Tracking No.: ES13-004796."

(7)  By letter to defendant dated March 24, 2014, plaintiff responded to several questions asked by NHTSA in an e-mail message dated February 9, 2014.

(8)  By letter to NHTSA dated May 7, 2014, plaintiff stated, *inter alia*, "To date, [I] still have not received a response to [my] FOIA Request," and requested that the agency "[p]lease let me know when [I] can expect a substantive response."

(9)  By letter to plaintiff dated May 9, 2014, NHTSA advised plaintiff that his FOIA request "has been placed in the agency's complex track for processing FOIA requests," that plaintiff's "complex request is #12 in our queue," and that "[p]rocessing . . . will take several months or more."

(10)  By letter to NHTSA dated August 19, 2014, plaintiff stated, *inter alia*:

> It has now been over ninety (90) days since you informed me that my FOIA request, initially filed on December 6, 2013, was #12 in your agency's queue and that processing would take "several months or more." [My] request has been pending for over nine months. I have received nothing of substance from your agency.
>
> This is to request the status of your agency's response. If my request was #12 ninety (90) days ago, please let me know where my request now stands. Also, please specifically let me know when I can expect the responsive documents.

(10)  By letter to plaintiff dated August 26, 2014, NHTSA, *inter alia*, advised plaintiff that "[c]urrently, your request is # 6 in the complex track."

(11)  By letter to plaintiff dated August 17, 2015, NHTSA purported to respond to plaintiff's FOIA request submitted on December 6, 2013. The agency stated:

> Enclosed are 4,600 pages of information responsive to your request, which are certified as true and accurate copies. I have withheld portions of records that are

3

>exempted from FOIA's statutory disclosure requirement containing information related to trade secrets and commercial or financial information pursuant to Exemption 4.  5 U.S.C. § 552(b)(4).  In addition, I have withheld portions of records pursuant to Exemption 5 of the FOIA, which protects information related to predecisional agency deliberations, opinions, or recommendations.  5 U.S.C. § 552(b)(5).  Also, I have withheld portions of records whose disclosure would constitute a clearly unwarranted invasion of personal privacy pursuant to Exemption 6.  5 U.S.C. § 552(b)(6).

The agency advised plaintiff of his right to submit an administrative appeal to challenge the agency's determination.

(12)  By letter to NHTSA's Acting Chief Counsel dated October 1, 2015, plaintiff stated that he was "appealing [NHTSA's] determination to withhold certain materials and the adequacy of the search" and explained the basis for his appeal of that determination.

(13)  By letter to plaintiff dated February 23, 2016, NHTSA's Chief Counsel responded to plaintiff's letter dated October 1, 2015.  The letter stated, *inter alia*:

> [P]lease find 145 newly identified pages as well as 193 pages previously provided to you, some of which have been unredacted in full or in part.
>
> Also enclosed is Ford's formal request for confidential treatment and the agency's formal response along with the documents that were not granted confidentiality in investigation PE11-018.
>
> . . . we have located numerous additional documents that require processing.  Some of these documents may be duplicates of documents that you received previously.  We will respond to your appeal in full once those documents are processed.

(14)  To date, plaintiff has not received a response to his "appeal in full," and the agency has failed to render a final determination on the FOIA request plaintiff submitted on December 6, 2013.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records

(15)  Plaintiff repeats and realleges paragraphs 1-14.

(16)  Plaintiff has exhausted the applicable and available administrative remedies with respect to defendant's processing of plaintiff's FOIA request.

(17)  Defendant has wrongfully withheld the requested records from plaintiff by failing to comply with the statutory time limit for rendering a determination or response to plaintiff's FOIA request and administrative appeal.

(18)  Plaintiff is entitled to injunctive and declaratory relief with respect to the release and disclosure of the requested documents.

### Requested Relief

WHEREFORE, plaintiff prays that this Court:

A.  Order defendant Department of Transportation and its component, NHTSA, to disclose all non-exempt records responsive to plaintiff's FOIA request immediately;

B.  Issue a declaration that plaintiff is entitled to disclosure of the requested records;

C.  Provide for expeditious proceedings in this action;

D.  Award plaintiff his costs and reasonable attorneys fees incurred in this action; and

E.  Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

_____
DAVID L. SOBEL, D.C. Bar No. 360418

5335 Wisconsin Avenue, N.W.
Suite 640
Washington, DC 20015
(202) 246-6180

*Counsel for Plaintiff*